26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manual ALVAREZ-CORRAL, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70819.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1994.*
Decided June 13, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvarez-Corral contends the BIA abused its discretion in denying his relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act because it didn't give adequate weight to his positive factors. Because the BIA engaged in a de novo review of the IJ's determinations,[1] we review the BIA's decision for abuse of discretion. See Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 3
 Petitioner was rendered eligible for deportation because he was convicted of a serious crime--transporting 14.25 grams of heroin. See 8 U.S.C. Sec. 1251(a)(2)(B)(i). The Board considered the impact of deportation on petitioner's family, his work history and the absence of other criminal convictions or negative immigration history. AR at 3-4. It also considered that no family member, friend or responsible community representative testified on petitioner's behalf, that petitioner's counsel "presented a garbled explanation for the failure to present any witnesses and expressly declined to request a continuance so that they might be produced," id. at 4, and that the record was devoid of any other evidence of rehabilitation, such as documentary testimonials in petitioner's favor beyond a satisfactory parole report. Id. at 3-4; see also id. at 38.
 
 
 4
 The Board thus considered appropriate factors in determining whether to grant sec. 212(c) relief. See Yepes-Prado, 10 F.3d at 1366. And, even though it found that petitioner's long-time residence in the United States constituted an "outstanding equity," it concluded that petitioner had not demonstrated "sufficient unusual or outstanding equities" to overcome "the very serious crime for which he was convicted." AR at 4. The Board did not abuse its discretion in reaching this conclusion. See Paredes-Urrestarazu v. INS, No. 91-70143, slip op. 3973, 3981, 3998-4001 (9th Cir. Apr. 25, 1994).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Indeed, the BIA went so far as to reverse the IJ's finding that petitioner's long-time residence in the United States did not constitute an outstanding positive factor. AR at 4